IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11cv0331 (CMH/JFA) |
| v. | ) ) ) | |
| 5 STAR WASHER SERVICE, INC., | ) ) | |
| Defendant. | ) ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 8). Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the National Energy Management Institute Committee ("NEMIC"), the Board of Trustees of the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), and the Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), and they seek a default judgment against defendant 5 Star Washer Service, Inc. ("5 Star"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On March 31, 2011, the plaintiffs filed this action alleging that 5 Star is obligated to pay them for certain delinquent contributions, liquidated damages, interest, attorney's fees, and

1

costs. (Docket no. 1). Plaintiffs also seek injunctive relief to enjoin the prospective failure to make contributions and to submit monthly reports. (*Id.*). A summons was issued for the complaint on March 31, 2011. (Docket no. 3). The summons and complaint were served on the treasurer of 5 Star by personal service on April 8, 2011. (Docket no. 4). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on April 29, 2011, twenty-one days after 5 Star was served with the summons and complaint.

5 Star failed to file a responsive pleading in a timely manner and on August 15, 2011, the plaintiffs filed their request for entry of default. (Docket no. 6). The Clerk entered default against 5 Star pursuant to Fed. R. Civ. P. 55(a) on August 16, 2011. (Docket no. 7). On August 16, 2011, the plaintiffs filed a motion for default judgment with a supporting memorandum and declarations from Walter Shaw and Sarah Naji and a notice of hearing for August 26, 2011 at 10:00 a.m. (Docket nos. 8-12). The motion for default judgment, supporting memorandum, declarations, and notice of hearing were served on 5 Star by electronic mail and first class mail on August 16, 2011. (Docket nos. 8-12). On August 26, 2011, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of 5 Star. At the request of the undersigned, the plaintiffs filed and served a supplemental declaration from Walter Shaw providing an explanation as to how the delinquent contributions were calculated. (Docket no. 14).

### Factual Background

The following facts are established by the complaint (Docket no. 1), the motion for default judgment and the memorandum and declarations filed in support of the motion for default judgment (Docket nos. 8-11, 14).

The plaintiffs, the respective Boards of Trustees, are "fiduciaries" with respect to the Funds as defined in 29 U.S.C. § 1002(21)(A) and are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Compl. ¶ 6). The NPF, ITI and SMWIASF are jointly trusteed funds created and maintained pursuant to 29 U.S.C. § 186(c) and are "multiemployer plans" and within the meaning of 29 U.S.C. § 1002(37). (Compl. ¶ 6). NEMIC and SMOHIT are jointly trusteed trust funds created and maintained pursuant to 29 U.S.C. § 186(c). (Compl. ¶ 6). The Funds for which the plaintiffs bring this action are administered from their principal place of business in Alexandria, Virginia. (Compl. ¶ 4).

5 Star has its principal place of business in New York and it is an employer in an industry affecting commerce as defined by 29 U.S.C. §§ 152(2) and 1002(5), (11) and (12). (Compl. ¶¶ 7, 8). 5 Star employs employees represented for the purposes of collective bargaining by the Sheet Metal Workers' International Association Local Union No. 71, a labor organizations representing employees in an industry affecting interstate commerce (collectively, the "Union"). (Compl. ¶ 9). 5 Star is a signatory to and bound by the terms and conditions of a collective bargaining agreement with the Union (the "Labor Contract"). (Compl. ¶ 10). Under the Labor Contract, 5 Star is obligated to contribute to the Funds on behalf of its covered employees. (Compl. ¶ 11). Under the Labor Contract, 5 Star has been and remains obligated to abide by the terms and conditions of the respective Trust Documents establishing the Funds including all amendments (the "Trust Agreements") and to submit monthly reports and payments to the Funds. (Compl. ¶ 12).

Payments due to the Funds are calculated on remittance reports required to be prepared monthly by each contributing employer. (Compl. ¶ 13). On these reports 5 Star is required to report the amount of contributions due to the Funds on the basis of all hours worked by

3

participants and all hours for which participants are due wages. (Compl. ¶ 15). Without the information contained in the remittance reports, the Funds cannot determine the amount of the monthly contributions due. (Compl. ¶ 16). For the periods of March 2010 through February 2011, 5 Star employed employees for whom monthly contributions were due but failed to make the required employer contributions as required by the Labor Contract and Trust Agreements. (Compl. ¶ 19). Plaintiffs state in the complaint that based on 5 Star's previous reports, the plaintiffs estimate that 5 Star owes contributions in the amount of $7,824.39 for the months of March 2010 through February 2011. (Compl. ¶ 18). Under the Labor Contract and Trust Agreements, 5 Star is required to pay the plaintiffs interest on any delinquent contributions at the rate of 0.0233% per day; liquidated damages of twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed; and reasonable attorney's fees and costs incurred by the plaintiffs as a result of 5 Star's failure to comply with its obligations. (Compl. ¶ 20).

In the motion for default judgment (Docket no. 10, Ex. 3), the plaintiffs state that they are owed the following amounts for delinquent contributions, interest and liquated damages.

| *Plaintiff* | *Contributions* | *Interest through 8/15/2011* | *Liquidated Damages* | *Total* |
|---|---|---|---|---|
| NPF | $7,537.11 | $570.35 | $1,507.41 | $9,614.87 |
| ITI | $191.52 | $14.61 | $38.28 | $244.41 |
| NEMIC | $47.88 | $3.66 | $9.48 | $61.02 |
| SMOHIT | $31.92 | $2.42 | $6.36 | $40.70 |
| SMWIASF | $15.96 | $1.26 | $3.12 | $20.34 |
| **Total** | $7,824.39 | $592.30 | $1,564.65 | **$9,981.34** |

In addition to the amounts owed for delinquent contributions, interest and liquated damages, the plaintiffs have submitted a declaration from Sarah Naji requesting an award of attorney's fees in the amount of $1,242.00 and costs in the amount of $622.94. (Docket no. 11).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (Comp. ¶ 1). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) since it is brought under ERISA for an alleged

failure to make contributions in accordance with a collective bargaining agreement or multi-employer plan. The plaintiffs further allege that this court has subject matter jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Comp. ¶ 1). That section provides that U.S. district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185(a) since it is brought under the LMRA for violation of a contract between an employer and a labor organization.

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that they are administered in Alexandria, Virginia. (Compl. ¶ 4). On April 8, 2011, the summons and complaint were served in person on the treasurer of 5 Star. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over the defendant since the plaintiffs are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served in person on the treasurer of 5 Star on April 8, 2011. (Docket no. 4). Under Fed. R. Civ. P. 12(a), a responsive pleading was due on April 29, 2011, twenty-one days after the complaint had been served on the defendant. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on August 15, 2011. (Docket no. 6). The Clerk of the Court entered a default on August 16, 2011. (Docket no. 7).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to the defendant.

### Liability and Measure of Damages

According to Rule 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, 5 Star failed to submit remittance reports and contributions for the period from March 2010 through February 2011. (Compl. ¶ 19). Pursuant to 29 U.S.C. § 1132(g)(2) in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of -

> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> >
> > (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, the plaintiffs submitted a declaration from Walter Shaw ("Shaw Decl.") and a supplemental declaration from Walter Shaw ("Shaw Supp. Decl."). (Docket nos. 10, 14). Mr. Shaw is the Billing and Eligibility Manager for the NPF, and as a part of his responsibilities he is familiar with the payment histories of employers obligated to make contributions to the plaintiffs. (Shaw Decl. ¶ 1). In his supplemental declaration Mr. Shaw states that the last month for which 5 Star reported hours was February 2010; in which it reported hours for work performed in December 2009, January 2010 and February 2010. (Shaw Supp. Decl. ¶¶ 12, 13). In that report, 5 Star reported 133 hours worked by its employees during the month of February 2010. (Shaw Supp. Decl. ¶ 13). When contributing employers fail to submit monthly remittance reports and fail to make the required contributions, the Funds must estimate the amounts owed to the Funds in any legal action to collect delinquent contributions. (Shaw Supp. Decl. ¶ 10). In order to estimate the contributions owed by 5 Star for the months of March 2010 through February 2011, the plaintiffs assumed covered employees worked 133 hours each month – the same number of hours worked during the last month a report was

provided by 5 Star. (Shaw Supp. Decl. ¶¶ 13, 14). Based on prior contributions for the month of February 2010, the Funds estimate that 5 Star owes contributions for the period of March 2010 through February 2011 to the NPF in the amount of $7,537.11;[1] to ITI in the amount of $191.52; to NEMIC in the amount of $47.88; to SMOHIT in the amount of $31.92: and to SMWIASF in the amount of $15.96. In addition to the unpaid contributions, Mr. Shaw has calculated the amount of liquidated damages due (20% of the unpaid contributions) and interest on delinquent contributions at the rate of 0.0233% per day as shown in Exhibit C to his declaration. (Docket no. 10, Ex. C)

The plaintiffs submitted a declaration from Sarah Naji detailing the attorney's fees and costs incurred in this action. (Docket no. 11) ("Naji Decl"). The total amount of the attorney's fees incurred was $1,240.00 comprised of 2.4 hours of attorneys' time and 4.6 hours of legal assistants' time. The amount of costs was $622.94, which is comprised of $234.00 for service fees, $350.00 for filing fees, $20.76 for courier charges, $10.20 in photocopying, $5.98 for postage charges, and $2.00 in telecopy expenses. (Docket no. 11, Nija Decl. ¶¶ 5-6). The hourly rates charged for the two attorneys time was $240.00 and $250.00 and the hourly rate for the legal assistants was $140.00, $135.00 and $155.00. (Nija Decl. ¶ 5). The undersigned magistrate judge has reviewed the declaration of Ms. Nija and recommends a finding that the hourly rates charged for the attorneys and the legal assistants and the costs incurred are

---

[1] As explained by Mr. Shaw in his supplemental declaration, the NPF hourly contribution rate for the months of March through May 2010 was $4.49 per hour and it increased to $4.80 per hour for the months of June 2010 through February 2011. The annual contribution rate for the other Funds remained constant during the relevant period. (Shaw Supp. Decl. ¶¶ 3-5).

reasonable and that the number of hours spent preparing the complaint, filing and serving the complaint, obtaining a default and filing the motion for default judgment were reasonable.[2]

Plaintiffs have also requested in their motion for default judgment that the court award injunctive relief in this case. A review of the pleadings and declarations submitted by the plaintiffs fail to establish that plaintiffs are entitled to injunctive relief. The declarations submitted by Mr. Shaw do not address any irreparable harm that may result in the absence of an injunction and no factual support is presented for the argument set forth in the motion for default judgment the "likelihood of irreparable injury to the Funds is clear because a damage award will not fully remedy the harm caused of the Defendant's conduct as contractual employees are still affected by Defendant's non-payment." (Docket no. 9, pg. 6). In a case such as this one, the plaintiffs obtain a judgment for the delinquent contributions, interest on those contributions, liquated damages of 20% of the delinquent contributions and the reasonable atttorney's fees and costs incurred in bringing the action. With these legal remedies available to the plaintiffs, the argument of irreparable harm is not "clear". Given the exceptional nature of injunctive relief and the lack of any substantial evidence of irreparable harm absent entry of an injunction, the undersigned recommends that the request for injunctive relief be denied.

---

[2] The Naji declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. While it includes a statement by Ms. Naji that the hourly rates are consistent with prevailing market rates of counsel and paralegals in the Eastern District of Virginia with similar skill for ERISA cases, it does not provide any support for that statement. However, since the defendant has not contested the hourly rates in this case, the court will accept the allegations set forth by the plaintiffs concerning the reasonableness of those rates as true. The hourly rates and costs requested are consistent with the rates and costs incurred in similar cases and awarded by this court.

For these reasons the undersigned recommends that a default judgment be entered in favor of the plaintiffs for delinquent contributions, interest and liquated damages against 5 Star in the amounts shown below:

| Plaintiff | Contributions | Interest through 8/15/2011 | Liquidated Damages | Total |
|---|---|---|---|---|
| NPF | $7,537.11 | $570.35 | $1,507.41 | $9,614.87 |
| ITI | $191.52 | $14.61 | $38.28 | $244.41 |
| NEMIC | $47.88 | $3.66 | $9.48 | $61.02 |
| SMOHIT | $31.92 | $2.42 | $6.36 | $40.70 |
| SMWIASF | $15.96 | $1.26 | $3.12 | $20.34 |
| **Total** | $7,824.39 | $592.30 | $1,564.65 | $9,981.34 |

In addition, the plaintiffs are entitled award of attorneys' fees and costs in the total amount of $1,240.00 and costs in the amount of $622.94.

## Conclusion

For the reasons stated above, the undersigned recommends that a judgment be entered on in favor of the Board of Trustees of the Sheet Metal Workers' National Pension Fund, the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry, the Board of Trustees of the National Energy Management Institute Committee, the Board of Trustees of the Sheet Metal Occupational Health Institute Trust Fund, and the Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF") against defendant 5 Star Washer Service, Inc. **in the total amount of $11,844.28.** This proposed judgment includes $7,824.39 in delinquent contributions, $592.30 in

accrued interest through August 15, 2011, $1,564.65 in liquidated damages, $1,240.00 in attorneys' fees, and $622.94 in costs.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Stacey Spears, President, 5 Star Washer Service, Inc. at 3748 Oak Orchard Road, Albion NY 14411, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this ___ day of September, 2011.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia